**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **COMMODITY FUTURES TRADING** | : | |
| **COMMISSION,** | : | |
| | : | **Case No. 2:22-cv-03091** |
| **Plaintiff,** | : | |
| | : | **CHIEF JUDGE MARBLEY** |
| **vs.** | : | **Magistrate Judge Jolson** |
| | : | |
| **RATHNAKISHORE GIRI, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before the Court on the Government's Motion to Intervene and Stay Proceedings. (ECF No. 16). In its motion, the Government seeks two forms of relief: (1) leave to intervene in the case *sub judice* pursuant to Rule 24 of the Federal Rules of Civil Procedure; and (2) a stay of this case through the conclusion of the parallel criminal prosecution, *United States v. Rathnakishore Giri*, 2:22-cr-223. The criminal case is scheduled for trial on April 15, 2024. The Government represents that neither Plaintiff nor Defendants to this action oppose the Government's requested stay. For the reasons that follow, this Court **GRANTS** the Government's Motion.

**I.     BACKGROUND**

This is a civil action brought by Plaintiff Commodity Futures Trading Commission ("CFTC") against Defendants Giri Subramani ("Defendant") and Loka Pavani Giri. On August 11, 2022, the CFTC filed a complaint alleging that Defendant violated the Commodities Exchange Act, 7 U.S.C.A. § 1 *et seq*., through a digital asset-trading scheme in which he defrauded more than 150 customers of over $12 million and at least 10 Bitcoin. (ECF No. 1 ¶ 1). Specifically, the CFTC alleges that, instead of investing his clients' funds entirely in digital

assets as he claimed, Defendant only transferred a portion of them into digital asset trading accounts and misappropriated the rest to fund his lavish lifestyle. (*Id.* ¶¶ 2–4). On November 7, 2022, an entry of default was entered against all Defendants for failing to respond to the complaint. (ECF No. 13). The Magistrate Judge then permitted Defendant an extension of time to file an answer, setting a due date of December 29, 2022. (ECF No. 15). Defendant never filed an answer.

On November 17, 2022, Defendant was indicted by a grand jury in the Southern District of Ohio. (*United States v. Giri*, 2:22-cr-223, ECF No. 4). The indictment charges Defendant with five counts of wire fraud, in violation of 18 U.S.C. § 1343, for substantially the same conduct for which he is being sued in the instant case. (*Compare id. with Commodity Futures Trading Commission v. Rathnakishore Giri, et al.*, 2:22-cv-03091, ECF No. 1). On January 3, 2023, this Court set Defendant's criminal case for trial commencing April 15, 2024. (*United States v. Giri*, 2:22-cr-223, ECF No. 22). The Government filed the instant motion on January 18, 2023. (ECF No. 16).

## II.    STANDARD OF REVIEW

Under Rule 24(b) of the Federal Rules of Civil Procedure, a court may permit a movant to intervene in a civil action when the movant makes its request timely and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B), (b)(2). In deciding whether to permit a movant's intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *League of Women Voters of Michigan v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018). The district court must balance these and "any other relevant

factors to determine[] whether, in the court's discretion, intervention should be allowed." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).

Given the power of the courts to control their own dockets, courts have an "inherent, specific power" to stay the proceedings before them. *United States v. Conn*, No. CV 11-157-ART, 2016 WL 4803970, at *2 (E.D. Ky. Sept. 9, 2016) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). As such, courts have "broad discretion in determining whether to a stay a civil action while a criminal action is pending or impending." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). In deciding whether to grant a stay of a civil case so that the criminal one may proceed alone, a court must nonetheless exercise its stay power "with restraint and discretion." *Conn*, 2016 WL 4803970, at *7. In general, several courts have recognized that the case for a stay is strongest after a defendant has been indicted, as opposed to pre-indictment requests for a stay. *Chao*, 498 F. Supp. 2d at 1037–38 (collecting cases); *United States Sec., & Exch. Comm'n v. Blackwell*, No. 2:03-CV-00063, 2006 WL 8445724, at *2 (S.D. Ohio Feb. 22, 2006) (Marbley, J.) (explaining that "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil administrative action involving the same matter.").

## III.    LAW AND ANALYSIS

The Government's Motion requests both to intervene in the civil proceeding and to stay the civil proceeding pending the resolution of the criminal matter. Because this Court must consider different factors to render its decision on the appropriateness of each requested form of relief, its analysis considers separately each form of relief.

## A.     The Government's Request to Intervene

The Government argues that it satisfies all the requirements for permissive intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. As articulated by the Sixth Circuit, Rule 24(b) requires that movants meet four criteria to be permitted to intervene: "(1) the application for intervention must be timely; (2) the applicant must have a substantial, legal interest in the subject matter of the pending litigation; (3) the applicant's ability to protect that interest must be impaired; and (4) the present parties do not adequately represent the applicant's interest." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989) (citing *Triax Co. v. TRW Inc.*, 724 F.2d 1224, 1227 (6th Cir.1984)). This Court considers each element in turn.

### 1.     Timeliness

The Government argues that its request is timely for the following reasons: the civil case is in its initial stages as Defendant has not yet filed an answer, the Government expeditiously moved to intervene soon after receiving a trial date in the criminal matter, and no evidence of potential prejudice to the parties exists given that they both consented to the instant motion.

Timeliness, with respect to a motion to intervene, is a threshold issue to be addressed before considering the other elements of Rule 24. Fed. R. Civ. P. 24(a)(2) (permitting a party to intervene in an action granted it fulfills certain criteria if attempted "[u]pon timely application . . . .") The Sixth Circuit has held that the following factors should be considered in determining whether a motion to intervene is timely:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).

This Court's balancing of the *Jansen* factors leads it to conclude that the Government's request is timely. First, Defendant has yet to file his answer despite this being granted an extension to do so *after* having default entered against him. (ECF Nos. 13, 15). Second, the Government seeks to intervene for that stated purpose of preventing discovery in this case from being used to circumvent the more limited scope of discovery in the criminal matter. (ECF No. 16 at 4) (quoting *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988)). Third, the Government filed this motion roughly five months after the civil lawsuit was initiated, but only three months after Defendant's indictment in the criminal proceeding giving rise to the Government's interest here. Fourth, the parties' consent to the Government's motion undercuts any indication that the parties may suffer resulting prejudice. This Court does not observe the existence of unusual circumstances in this case justifying analysis under the fifth *Jansen* factor. Considering all the relevant *Jansen* factors, this Court is satisfied that the Government's motion to intervene is timely.

### 2. *Common Question of Fact or Law*

The Government next argues that common questions of fact and law exist between the parallel cases. Namely, the Government asserts that "the criminal charges arise from the same sets of facts and involve similar legal issues as this civil action." (ECF No. 16 at 4). Further, the Government contends, both cases cover the same general time period, concern the same victims, and "likely" involve the same witnesses. (*Id.*). In sum, the Government argues, it has an interest in intervening to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter.

5

Rule 24 provides that "[a]pplicants for intervention as a matter of right must have a significant legal interest in the subject matter of the litigation." Fed. R. Civ. P. 24(a)(2); *Jansen*, 904 F.2d at 341. In other words, "a proposed intervenor must establish that the motion for intervention . . . alleges at least one common question of law or fact." *Michigan,* 424 F.3d at 445.

The indictment in Defendant's criminal case concerns substantially the same alleged conduct forming the basis for the CFTC's complaint in this case. In both cases, the prosecuting party is attempting to hold Defendant liable for his alleged misappropriation of investor funds. Both the civil and the criminal case center on the theory that Defendant defrauded the same group of investors, using funds he promised to invest in digital assets to instead support his personal lifestyle and perpetuate the subterfuge. (*Compare United States v. Giri, 2*:22-cr-223, ECF No. 4 *with Commodity Futures Trading Commission v. Rathnakishore Giri, et al.,* 2:22-cv-03091, ECF No. 1*).* This Court thus finds substantial commonality in the questions of law and fact presented within both cases.

### 3. *Representation*

Although the Government does not brief the third and fourth prongs of *Jansen*, this Court here considers whether they are satisfied. To permit intervention under *Jansen*, this Court must conclude that the movant's ability to protect its legal interest in this proceeding would be impaired absent intervention and that "the present parties do not adequately represent the applicant's interest." *Jansen*, 904 F.2d at 340. Here, the Government represents a unique interest as the prosecuting authority in the parallel criminal proceeding. This Court also credits the Government's representation that this Court's failure to consider the Government's interests in the civil proceeding would risk impinging upon the criminal discovery process.

This Court does not otherwise identify any unusual circumstances counseling in favor of or against intervention. *See id.* Having concluded that the *Jansen* factors weigh in favor of the Government's intervention, this Court **GRANTS** the Government's request to intervene in the instant proceeding.

### B. The Government's Request to Stay the Civil Proceeding

The Government argues that the civil and criminal cases are significantly related to such a degree that it is in the interest of the parties, the courts, and the public to stay the civil proceeding until the criminal proceeding has concluded. The Government argues that the balancing of the relevant factors articulated by the Sixth Circuit support staying this case. (ECF No. 16 at 5) (citing *F.T.C.*, 767 F.3d at 627). First, the Government argues that there is substantial overlap between the conduct alleged in the criminal indictment and in the CFTC's complaint, both alleging violations of law based on the same conduct. Second, the Government reasons that a stay is supported by the fact that the criminal case has already progressed to formal charges against Defendant. Third, the Government argues that a stay serves the parties' interests because both benefit from the streamlining of issues in the civil matter that would likely result from the criminal case. The Government also reasons that the delay would cause minimal prejudice, as indicated by the absence of opposition from the parties and the observation that its requested stay would not be indefinite. Fourth, the Government contends that a stay would serve the interests of this Court because potential developments in the criminal case may reduce the number of issues to be resolved in this matter. Fifth, the Government argues that a stay serves the public's interest given that the CFTC enforces laws on behalf of the public and because the public's interest in effective criminal prosecution outweighs any existing civil interests.

A stay of a civil case has been described as "an extraordinary remedy that should be granted only when justice so requires." *Chao*, 498 F. Supp. 2d at 1037. The movant carries the burden of showing that justice requires a stay; that is, showing that there exists a "pressing need for delay" and that "neither the other party nor the public will suffer harm." *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). The Sixth Circuit has articulated six factors for courts to balance in evaluating whether a stay of civil proceedings is warranted:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*F.T.C.*, 767 F.3d at 627.

An analysis of the above-listed factors demonstrate that a stay is warranted in this case. The first factor weighs in favor of the Government given the significant legal and factual overlap between the civil and criminal proceedings, as indicated in the criminal indictment and the CFTC's complaint. The second factor weighs in favor of a stay because Defendant has already been indicted in the criminal case but has yet to answer the CFTC's complaint in the civil proceeding. *See id.* at 628 (explaining that "[a] stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct . . . . "). The parties' consent to the Government's Motion counsels in favor of the third and fourth factors. The fifth factor weighs in favor of a stay because, given the significant overlap between the parallel cases, this Court anticipates that the factual record to be developed in the criminal trial will likely streamline the civil litigation. Concerning the sixth factor, it is true that "[t]he public interest is furthered where individuals' injuries are remedied in a timely manner." *Id.* at 629. In this case,

however, a stay would only minimally delay the resolution of this matter given the short duration of the stay and the high likelihood that the record developed in the criminal matter will streamline the issues to be resolved in the civil litigation. Further, as stated by a fellow court in the neighboring district, "the public interest in effective criminal prosecution generally outweighs any existing civil interests." *United States Sec. & Exch. Comm'n v. Abdallah*, 313 F.R.D. 59, 64 (N.D. Ohio 2016). The sixth factor, like the other five factors, weighs in favor of a temporary stay. This Court thus **GRANTS** the Government's request to stay the instant proceeding pending the resolution of the criminal case.

## IV.    CONCLUSION

For the reasons set forth above, this Court **GRANTS** the Government's Motion to Intervene and Stay Proceedings. (ECF No. 16). Accordingly, this matter will be stayed pending resolution of the parallel criminal proceeding in *United States v. Rathnakishore Giri*, 2:22-cr-223.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED:  April 3, 2023**

9